OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, the complaint dismissed and the certified question answered in the negative.
Plaintiff was injured when he fell on defendant’s front entrance steps. He testified that as he descended the upper level of steps he slipped on the third step and that while he was in midair he observed a piece of white, waxy paper next to his left foot. He alleges that this paper came from the concession stand that defendant had contracted to have present and which was located on the plaza separating the two tiers of steps and that defendant was negligent insofar as its employees failed to discover and remove the paper before he fell on it. The case was submitted to the jury on the theory that defendant had either actual or constructive notice of the dangerous condition presented by the paper on the steps. The jury found against defendant on the issue of liability.* A divided Appellate Division affirmed and granted defendant leave to appeal on a certified question.
There is no evidence in the record that defendant had actual notice of the paper and the case should not have gone to the jury on that theory. To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant’s employees to discover and remedy it (Negri v Stop & Shop, 65 NY2d 625, 626; Lewis v Metropolitan Transp. Auth., *838 64 NY2d 670, affg on opn at 99 AD2d 246, 249). The record contains no evidence that anyone, including plaintiff, observed the piece of white paper prior to the accident. Nor did he describe the paper as being dirty or worn, which would have provided some indication that it had been present for some period of time (cf. Negri v Stop & Shop, supra, at p 626 [broken baby food jars were dirty]). Thus, on the evidence presented, the piece of paper that caused plaintiff’s fall could have been deposited there only minutes or seconds before the accident and any other conclusion would be pure speculation.
Contrary to plaintiff’s contentions, neither a general awareness that litter or some other dangerous condition may be present (see, Bogart v Woolworth Co., 24 NY2d 936, revg 31 AD2d 685) nor the fact that plaintiff observed other papers on another portion of the steps approximately 10 minutes before his fall is legally sufficient to charge defendant with constructive notice of the paper he fell on. Gramm v State of New York (28 AD2d 787, affd on majority opn below 21 NY2d 1025) and Kelsey v Port Auth. (52 AD2d 801) are not to the contrary. In both cases constructive notice was established by other evidence and the issue was whether plaintiffs had presented sufficient evidence on the issue of causation insofar as both plaintiffs failed to specify which step they had fallen on and what condition — wear, wetness or litter — had caused them to slip. In each case, the court concluded that plaintiff had presented a prima facie case because a fall was a natural and probable consequence of the conditions present on the stairs. The defect in plaintiff’s case here, however, is not an inability to prove the causation element of his fall but the lack of evidence establishing constructive notice of the particular condition that caused his fall.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur in memorandum.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.

 Plaintiff suggests, and the majority at the Appellate Division apparently agreed, that defendant could be found liable on the theory that it had created the dangerous condition (see, Lewis v Metropolitan Transp. Auth., 64 NY2d 670, affg on opn at 99 AD2d 246, 249-250). This theory was not submitted to the jury for its consideration, however, and therefore it is not now available to plaintiff as a grounds for affirmance.