■ ROSE CHAVIS et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent.—Order, Supreme Court, New York County (Edward H. Lehner, J.), entered on or about November 15, 1988, granting defendant's motion, pursuant to CPLR 4404 (a), for judgment notwithstanding the jury verdict in favor of plaintiffs, is affirmed without costs.

Plaintiff Rose Chavis sustained injuries when the hopper of an incinerator chute came out of the wall, as she was disposing of garbage, and struck her. Plaintiffs conceded the absence of actual notice and relied upon the testimony of a neighbor that the hopper had become dislodged on one side, but never fell out completely, 6 or 12 times in the year prior to plaintiff's accident as a basis for finding constructive notice.

Such evidence was insufficient as a matter of law to constitute constructive notice. The defect must be visible and apparent, and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it *(Gordon v American Museum of Natural History,* 67

NY2d 836, 837). The evidence relied upon by plaintiffs established the sporadic occurrence of a defect different from that which caused plaintiff's injuries. The court below correctly observed that evidence of such a distinct condition occurring so infrequently was an insufficient basis for presenting the issue of constructive notice to the jury. Concur—Murphy, P. J., Sullivan, Ross and Smith, JJ.

Asch, J., dissents in a memorandum as follows: Plaintiff Rose Chavis suffered injuries when the hopper of an incinerator chute fell from the wall, striking her as she was disposing of garbage. The accident occurred on the tenth floor of a 13-story building of defendant's housing project.

Plaintiffs furnished the testimony of a neighbor, Melba Goodwin, who resided on the tenth floor of the building, concerning the defective condition of the incinerator chute. She testified she used the chute once or twice a day and that some time before the accident she noticed a defect where the incinerator chute would come out of its groove and "sometimes the whole thing would slide". She agreed that if she had not used both hands in pulling down the metal tray of the chute, it would have fallen out on the floor. Ms. Goodwin testified this condition existed for about a year before the accident with plaintiff and would occur "once a month" or "once every other month".

After the jury found for plaintiffs on the issue of liability, the court granted defendant's motion to dismiss the complaint and for judgment notwithstanding the verdict, finding that, as a matter of law, constructive notice was not proven.

Where a defective condition has existed for such a length of time that knowledge of it should have been acquired in the exercise of reasonable care by a landlord, then the landlord will be held to have such knowledge (2B Warren, New York Negligence, Landlord and Tenant, § 6.03).

In order to sustain judgment for it as a matter of law, the defendant had the burden of showing that plaintiffs failed to make out a prima facie case. The evidence must be viewed in the light most favorable to plaintiffs, and plaintiffs must be accorded the benefit of every reasonable inference (see, Negri v Stop & Shop, 65 NY2d 625, 626). Applying these principles, it is apparent the trial court erred in granting defendant's motion. There was sufficient evidence before the jury as to the defective condition of the incinerator chute, over a period of time, so as to constitute a prima facie showing of constructive notice to defendant (see, Negri v Stop & Shop, supra; Batton v Elghanayan, 43 NY2d 898).

*Gordon v American Museum of Natural History* (67 NY2d 836), cited by the majority, is not to the contrary. There, plaintiff was injured when he slipped on a piece of wax paper on defendant's front entrance steps. The Court of Appeals found: "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it * * *. [O]n the evidence presented, the piece of paper that caused plaintiff's fall could have been deposited there only minutes or seconds before the accident" *(supra,* at 837-838).

In the case at bar, however, Ms. Goodwin testified as to the existence of the defect for about a year before the accident. While the majority finds that the defect as to which Ms. Goodwin testified was different from that which caused plaintiff's injuries, that conclusion finds no support in the record. Examination of Ms. Goodwin's testimony reveals that, periodically (referred to in the majority memorandum as "sporadic"), the tray of the chute would come out of the groove and hang at a slant. Ms. Goodwin used two hands when opening the chute and testified that if she had not, the tray would have "fallen out onto the floor". Certainly, the defect observed and dealt with by Ms. Goodwin for a period of a year was the same one which resulted in the injury suffered by plaintiff.

Accordingly, I would reverse the order of the Supreme Court and reinstate the verdict of the jury in favor of the plaintiffs.