■ FELIPE JAIMAN, Respondent, v ROBERT M. HOCK, Appellant.—In an action to recover damages for personal injuries, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Leone, J.), dated February 9, 1990, as denied those branches of his motion which were (1) to preclude the plaintiff from offering proof at the trial based upon his failure to submit a verified bill of particulars, or sufficient responses to certain discovery demands, or (2) to compel the plaintiff to comply with those demands.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's response to the defendant's demand for a detailed statement of the injuries he suffered and those

claimed to be permanent sets forth a detailed description of the nature, location and extent of all the injuries suffered as a result of the accident and unambiguously states that "All of the above injuries * * * are permanent in nature and duration". The plaintiff's later statement that he "remains permanently partially disabled and impaired" is not inconsistent with his claim that all the injuries set forth are claimed to be permanent.

With respect to the defendant's demand as to whether the plaintiff's theory of liability is that the defendant had either actual notice or constructive notice of the allegedly dangerous condition which caused the accident, the plaintiff claims in item 18 of his bill of particulars that the defendant had both actual and constructive notice. Contrary to the defendant's assertion, the plaintiff is not required to elect between a claim of actual or constructive notice, but can properly claim that the defendant had both (see, e.g., Gordon v American Museum of Natural History, 67 NY2d 836, 837). Furthermore, a plaintiff may, as here, set forth in the bill of particulars his or her lack of present knowledge of the exact identities of the agents, servants or employees which were given actual notice of the dangerous condition, and these specifics can be alleged in a supplemental bill if, after discovery, the plaintiff acquires the information (see, Conner v City of Fulton, 104 NYS2d 77, 80).

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Harwood, Miller and O'Brien, JJ., concur.