■ KARLA DUHAR, Appellant, v SOON JA KIM, Doing Business as MISS KIM'S, et al., Respondents. [644 NYS2d 247]

No issue of fact exists as to whether defendants had constructive notice of the puddle that caused plaintiff to fall. Plaintiff's deposition testimony that she did not see any debris or water on the store floor for the 10 minutes she was in the store before she fell, and defendants' employees' testimony that nothing was on the floor at the time of the accident and that it was cleaned three times a day, established prima facie that the alleged condition was not "visible and apparent" and did not exist long enough for defendants' employees "to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837). The affidavits of plaintiff's expert and investigator, that the puddle of water was a recurrent condition of which defendants should have been aware, were based on observations made days after the accident, with no showing that the conditions in the store on the day of the accident had remained the same, and, as such, were mere speculation insuf-

---

ficient to raise an issue of fact (*see, Keyser v O'Brien*, 27 AD2d 760, 761). Moreover, these affidavits were undermined by plaintiff's own testimony that she had never seen water on the floor in the eight years she had been patronizing the store before the accident. Concur—Sullivan, J. P., Ellerin, Ross, Nardelli and Tom, JJ.