■ EMILIA PRAGER et al., Appellants, v GRAND UNION COMPANY, Respondent. [650 NYS2d 977] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Yachnin, J.), entered October 20, 1994, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment is denied.

The plaintiff Emilia Prager alleged, *inter alia,* that she broke her wrist when she slipped on cake icing in the vestibule of a Grand Union supermarket. The plaintiffs contend that the employees of the supermarket failed to clean the icing despite their constructive notice of the slippery condition. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" *(Gordon v American Museum of Natural History,* 67 NY2d 836, 837). The plaintiffs' evidence, including Emilia Prager's affidavit, raises issues of fact which preclude the granting of summary judgment *(see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562; *see also, Gordon v American Museum of Natural History, supra).* Bracken, J. P., Copertino, Joy, Florio and McGinity, JJ., concur.

■ JOSEPH REALE, Respondent, v SUPERLEASE RENT-A-CAR, INC., et al., Defendants, and BUDGET RENT-A-CAR, INC., Appellant. [650 NYS2d 979] —In a negligence action to recover damages for personal injuries, the defendant Budget Rent-A-Car, Inc., appeals from an order of the Supreme Court, Kings County (Yoswein, J.), dated August 18, 1995, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

Triable issues of fact exist *(see,* CPLR 3212 [b]) as to whether the appellant is liable for the injuries sustained by the plaintiff. Bracken, J. P., Copertino, Joy, Florio and McGinity, JJ., concur.