■ EDWARD JANASKIE et al., Respondents, v MARTEN TRANSPORT LIMITED, Appellant. [656 NYS2d 995] —Order insofar as appealed from unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court erred in denying that part of defendant's summary judgment motion that sought dismissal of the common-law negligence cause of action. Defendant, the owner of the

trailer where the accident occurred, had a duty of reasonable care to individuals using the trailer (*see, e.g., Maschio v Builders Transp.*, 201 AD2d 627). To recover, plaintiffs must show that defendant had actual or constructive notice of the alleged dangerous condition or that defendant or its employees created the dangerous condition (*see, Gordon v American Museum of Natural History*, 67 NY2d 836).

Defendant submitted proof that it had no actual or constructive notice that the floor was wet and that it did not create such condition. Edward Janaskie (plaintiff) testified at examinations before trial that there was nothing defective on the floor of the trailer and that he saw no water or condensation there. The dimly lit drop lot was not owned by defendant, and the failure of defendant to furnish load bars was not a proximate cause of plaintiff's fall. Thus, defendant established its entitlement to summary judgment as a matter of law and plaintiffs failed to raise an issue of fact requiring trial. (Appeal from Order of Supreme Court, Onondaga County, Tormey, III, J.—Summary Judgment.) Present—Green, J. P., Pine, Doerr, Boehm and Fallon, JJ.