■ ROBERT COLLINS, Appellant, v BOULEVARD GARDENS OWNERS CORP. et al., Respondents. [678 NYS2d 94] —Judgment, Supreme Court, New York County (Harold Tompkins, J.), entered on or about July 30, 1996, which dismissed the complaint, unanimously affirmed, without costs.

In this slip and fall case in which plaintiff seeks to recover, *inter alia*, for a back injury, the trial court properly set aside the verdict in plaintiff's favor and dismissed the complaint in light of plaintiff's failure to make out a prima facie case. As the court noted, there was no evidence that defendants either created or had notice, actual or constructive, of the defective condition claimed by plaintiff to have been the cause of his fall and injury (*see, Gordon v American Museum of Natural History*, 67 NY2d 836, 837; *Madrid v City of New York*, 42 NY2d 1039). In addition, the verdict was properly set aside by reason of the numerous and serious inconsistencies in plaintiff's testimony respecting the date and manner in which the alleged accident occurred and the nature of the injuries sustained. Plaintiff's testimony, we note, was not only internally inconsistent but was undermined by other, more credible, evidence, including documentary evidence confirming that plaintiff had been involved in another slip and fall and had sustained a back injury only a week prior to the accident at issue in this lawsuit, and testimony based upon the surveillance of plaintiff disclosing that plaintiff did not in fact use a cane as he testified. In this connection, the cane itself was introduced in evidence and was noted to be in pristine condition notwithstanding plaintiff's

claim of five years of continuous daily use (*see, Annunziata v Colasanti*, 126 AD2d 75; *Cohen v Hallmark Cards,* 45 NY2d 493). Concur—Sullivan, J. P., Nardelli, Rubin, Tom and Mazzarelli, JJ.