■ Gladys Barnwell, Appellant, v New York University, Sued Herein as New York University Medical Center, et al., Respondents and Third-Party Plaintiffs-Respondents. Atlantic Scaffold, Inc., Third-Party Defendant-Respondent. [682 NYS2d 373] —Order, Supreme Court, New York County (Edward Lehner, J.), entered on or about November 3, 1997, which granted defendants' and third-party defendant's motions for summary judgment dismissing the complaint, and denied plaintiff's cross motion for additional discovery, unanimously reversed, on the law, with costs, the motions for summary judgment denied, the complaint reinstated and the cross motion for additional discovery granted to the extent of ordering the deposition of a nonparty witness.

Plaintiff slipped and fell on a plywood walkway constructed by third-party defendant Atlantic Scaffold on a construction site owned by defendant New York University Medical Center

and managed by defendant Morse Diesel International. Contrary to the IAS Court's finding that plaintiff did no more than make conclusory assertions regarding defects in the walkway and assert that the walkway was wet on a rainy day, we find that plaintiff submitted sufficient evidence to raise a question of fact as to the condition of the walkway in the area where she slipped. Indeed, plaintiff's own description of the defective plywood was supported by the affidavit of a construction worker who assisted her after she fell. The latter stated that the walkway where plaintiff fell was warped and had been for "some time" prior to the accident; that he had observed other pedestrians slipping where snow had melted and dripped through the overhead protection of the walkway, accumulating on the walkway itself in the area where plaintiff had fallen; and that he had reported these observations to Morse Diesel workers. Together, this evidence raised a question of fact as to whether defendants had either created the condition or had actual or constructive notice of it (*see, Gordon v American Museum of Natural History*, 67 NY2d 836; *Cohen v 1110/1130 Stadium Owners Corp.*, 249 AD2d 12).

We note that the fact that the walkway may have been designed with an intentional "slope" does not refute plaintiff's claim that the particular portion of the plywood she slipped on was defective because it "dipped" and was "warped" and "uneven," in that one end was several inches higher than the other. At the very least, under the circumstances, the court should have deferred consideration of the summary judgment motions until after ordering the deposition of the eyewitness construction worker pursuant to plaintiff's cross motion. Concur—Sullivan, J. P., Milonas, Tom and Mazzarelli, JJ.