■ JANET PEFFERS, Appellant, v HILTON HOTELS CORPORATION, Respondent. [720 NYS2d 27] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered January 3, 2000, which, in an action for personal injuries sustained when plaintiff fell on a stairway in defendant's hotel allegedly because the carpet on the stairway slipped, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered July 12, 2000, which deemed plaintiff's motion for "reconsideration, renewal and/or reargument" as one for reargument, and, so considered, denied the motion, unanimously dismissed, without costs, as taken from a nonappealable order.

The deposition of defendant's employees who frequently used the stairway in question that they never noticed any loose carpeting on the stairs either before or after plaintiff fell, and the absence of any entries concerning the stairway carpeting in the logbook kept by defendant to record complaints and incidents, established prima facie that defendant lacked notice of the allegedly defective carpet. In opposition, plaintiff came forward not with any evidence of how long the defect existed, how visible and apparent it was, or other evidence of notice (*see, Gordon v American Museum of Natural History*, 67 NY2d 836, 837), but with the affidavit of an engineer that carpeting installed without rods must have been attached to the stairs with some type of adhesive material which over time could have lost its holding strength, causing the carpet to move when people descend the stairs. However, such opinion is unavailing since a showing of defective installation would not permit a further inference that the looseness of the carpet actually existed and was visible and apparent for a sufficient length of time to permit defendant to discover and remedy it (*see, id.*). We have considered plaintiff's other arguments and find them unavailing. Concur—Williams, J. P., Andrias, Lerner, Saxe and Buckley, JJ.