■ MARITZA GARCIA et al., Appellants, v MARSHALLS MA, INC., Doing Business as MARSHALLS OF FREEPORT, INC., et al., Respondents. [754 NYS2d 887] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated March 5, 2002, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Maritza Garcia was injured while reaching for a glass vase which was located on the top shelf of a six-foot-tall open metal display case in a department store operated by the defendant Marshalls MA, Inc., doing business as Marshalls of Freeport, Inc. (hereinafter Marshalls). As the injured plaintiff reached for the glass vase, the vase broke, and a large piece of the vase struck her in the face, causing a facial laceration and scarring. The injured plaintiff was unaware that the vase was broken before she attempted to retrieve it. Thereafter, the plaintiffs commenced this action, alleging, inter alia, that Marshalls and the defendant building owner were negligent in allowing the shelving and merchandise to become and remain in a defective, broken, and cracked condition.

To impose liability upon a defendant in a negligence action, a plaintiff must establish that the defendant either created, or had actual or constructive notice of, the allegedly dangerous condition (*see Gordon v American Museum of Natural History,* 67 NY2d 836). Contrary to the plaintiffs' contention, the defendants established their prima facie entitlement to summary judgment dismissing the complaint by demonstrating that they neither created nor had actual or constructive notice of the alleged defect, and the plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562).

The plaintiffs' remaining contention is without merit. Feuerstein, J.P., Krausman, McGinity and Mastro, JJ., concur.