ANTHONY IACUBUCCI, as Parent and Natural Guardian of NICHOLAS IACUBUCCI, an Infant, Respondent, v DORSEY PROPERTIES, Doing Business as REALTY PERFORMANCE GROUP, INC., Appellant. [792 NYS2d 274]—

Appeal from an order of the Supreme Court, Monroe County (Harold L. Galloway, J.), entered June 17, 2004. The order denied defendant's motion for summary judgment dismissing the complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action on behalf of his son, who was injured when a light bulb in the bathroom of their apartment exploded, causing eye damage to the infant. Plaintiff alleges that defendant, the owner of the apartment, was negligent in permitting a 95-watt light bulb in a fixture rated for 60 watts. Defendant contends that Supreme Court erred in denying its motion for summary judgment dismissing the complaint on the ground that it had no actual or constructive notice of the alleged dangerous condition.

The court properly concluded that defendant had not met its burden of showing that it had no constructive notice of the alleged dangerous condition. In a deposition submitted by defendant, plaintiff testified that the light bulbs had been in the bathroom fixture when he moved into the apartment and he had never changed a light bulb in the fixture from the time he moved in to the time of the incident. Even assuming, arguendo, that defendant had met its burden, we conclude that plaintiff raised a material issue of fact in opposition to the motion. Plaintiff submitted evidence that a move-in inspection was conducted prior to his tenancy and that it was the policy of defendant, at some time immediately prior to plaintiff's tenancy, to replace light bulbs in apartments if requested. Thus, there is a question of fact whether, by installing the light bulb or by inspecting the premises prior to plaintiff's tenancy, defendant had knowledge of the alleged dangerous condition (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]). Present—Scudder, J.P., Martoche, Pine, Lawton and Hayes, JJ.