■ ROBERT MERKIN et al., Appellants-Respondents, v EMANUEL HILDES et al., Respondents-Appellants, and 160 WEST 95 OWNERS, INC., et al., Respondents. (And a Third-Party Action.) [825 NYS2d 8]—

Order, Supreme Court, New York County (Rosalyn Richter, J.), entered January 20, 2006, which, in an action against a co-operative, its managing agent (collectively the co-op) and the owner of shares allocated to the apartment that plaintiff rents (the shareholder), for property damage caused by the release of steam in the radiator in plaintiff's bedroom on January 4, 2003 and in the radiator in plaintiff's living room on February 3, 2003, insofar as appealed from as limited by the briefs, effectively granted that part of defendants' motions as sought summary judgment dismissing plaintiff's claim arising out of the January 4 occurrence, denied that part of the shareholder's motion as sought summary judgment dismissing plaintiff's claim arising out of the February 3 occurrence, and denied that part of the shareholder's motion as sought summary judgment on his cross claim against the co-op for indemnification, unanimously affirmed, without costs.

The building superintendent's response to plaintiff's 2001 complaint of knocking in the bedroom radiator does not constitute evidence of actual or constructive notice of the defect that caused the January 4, 2003 release of steam in the same radiator. The record establishes that plaintiff made no further complaints during this two-year period, and, so far as appears, the superintendent fixed the knocking by draining the radiator and the co-op had no reason to believe that the radiator was otherwise defective or that a prior defect was left uncorrected (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]). No allegations of actual notice to the shareholder are alleged pertaining to this two-year period, and, for the above reasons, there is no evidence of constructive notice. However, since issues of fact admittedly remain as to the cause of the occurrences, i.e., whether the defect was in one or both of the radiators, the radiator valves, the pipes, the building's heating system, or otherwise, it cannot presently be determined, in the shareholder's favor, that the two occurrences arose from different causes. Thus, an issue of fact as to whether the shareholder had actual or constructive notice of a defect that might have caused the February 3 occurrence in the living room radiator are raised by the January 4 occurrence in the bedroom radiator and the conflicting deposition testimony as to the post-January 4 communications between the parties. We also note that the shareholder was the sponsor of the building's conversion and

appears to have a close, perhaps controlling, relationship with the co-op. Similarly, a finding cannot presently be made, in the shareholder's favor, that under the proprietary lease the co-op, rather than the shareholder, was responsible for maintaining whatever it was that caused the February 3 occurrence. Accordingly, the motion court properly denied summary judgment in favor of the shareholder on his cause of action against the co-op for indemnification. Concur—Andrias, J.P., Friedman, Marlow, Nardelli and Sweeny, JJ.