■ MARIA GUTIERREZ, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [874 NYS2d 1]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered April 9, 2008, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Summary judgment was properly denied in this action where plaintiff was injured when she tripped and fell while descending a subway stairway and placing her foot in the area of a step where a substantial piece of screwed-in metal nosing was missing. Defendant failed to meet the burden of showing not only that it did not create the defective condition, but also that it had no constructive notice of the defective condition because it was not "visible and apparent" and did not exist for a "sufficient length of time prior to the accident" to permit defendant to remedy the defect (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *see Franco v D'Agostino Supermarkets, Inc.*, 34 AD3d 328 [2006]). At a bare minimum, the record presents triable issues of fact including, inter alia, whether defendant, in the event it did not create the defective condition of the stairway, had constructive notice of it (*see e.g. Negri v Stop & Shop*, 65 NY2d 625, 626 [1985]). We note that the obvious and otherwise inexplicable absence of the metal nosing after plaintiff fell supports the reasonable inference that

defendant removed it on an earlier occasion. That another inference could be drawn is not relevant as all reasonable inferences must be drawn in favor of the nonmoving party (*Bautista v David Frankel Realty, Inc.*, 54 AD3d 549, 555-556 [2008]). Concur—Gonzalez, J.P., Buckley, Catterson, McGuire and Acosta, JJ.