Order, Supreme Court, New York County (Debra A. James, J.), entered January 25, 2013, which, to the extent appealed from as limited by the briefs, denied the motion of defendant Temco Service Industries (Temco) for summary judgment dismissing the complaint as against it, and granted the cross motion of defendant Lefrak SEN LP (Lefrak) for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Plaintiff Harvey Tanton was allegedly injured when he slipped and fell on a greasy condition on the sidewalk adjacent to a building owned by Lefrak. Lefrak had contracted with Temco to provide cleaning services to the building, including the adjacent sidewalk.
Dismissal of the complaint as against Lefrak was warranted. There is no evidence that the greasy condition was a recurring *442 condition that Lefrak, as owner, had actual or constructive notice of and sufficient opportunity to remedy (see generally Gordon v American Museum of Natural History, 67 NY2d 836 [1986]; see Dennis v Bartow Stationery, 28 AD3d 238 [1st Dept 2006]).
Regarding Temco, the record demonstrates that its motion for summary judgment was properly denied. Both Tanton and his coworker testified that Tanton’s clothing was covered with a greasy substance after the accident. Moreover, Temco’s employee testified to his general cleaning procedures, which included applying a degreaser to the sidewalk if necessary, brushing the area and washing away the degreaser, which itself was slippery. However, the employee did not testify as to what he actually did on the day of the accident. Accordingly, triable issues exist as to whether Temco properly followed its standard procedures in cleaning the sidewalk that morning, or applied a slippery degreaser but failed to remove it, thereby creating or exacerbating a dangerous condition (see e.g. Espinal v Melville Snow Contrs., 98 NY2d 136, 141-142 [2002]).
We have considered the remaining arguments and find them unavailing. Concur — Mazzarelli, J.P., Renwick, DeGrasse, Freedman and Feinman, JJ. [Prior Case History: 2013 NY Slip Op 30126(11).]