12-4682-cv
*Bynoe v. Target Corp.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20ᵗʰ day of December, two thousand thirteen.

PRESENT:

JOSÉ A. CABRANES,
PETER W. HALL,
DENNY CHIN,
   *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BRENDA BYNOE,

   *Plaintiff-Appellant,*

   -v.-                No. 12-4682-cv

TARGET CORPORATION,

   *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**   DAVID L. KREMEN, Oshman & Mirisola, LLP, New York, NY.

**FOR DEFENDANT-APPELLEE:**   MITCHELL B. LEVINE, Fishman McIntyre, P.C., New York, NY.

Appeal from a judgment, entered October 26, 2012, of the United States District Court for the Eastern District of New York (Sandra L. Townes, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **VACATED** and the cause is **REMANDED** for further proceedings consistent with this order.

Plaintiff Brenda Bynoe appeals from the judgment of the District Court granting summary judgment in favor of defendant Target Corporation ("Target"). Bynoe's suit, removed to federal court on the basis of diversity jurisdiction, seeks damages for personal injury after she slipped and fell on a puddle of syrup from a fallen Del Monte fruit cup while shopping at a Target store in Brooklyn, New York.

We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review, which we reference only as necessary to explain our decision to vacate and remand.

## DISCUSSION

"Under New York law, a landowner, who did not create the dangerous condition, is liable for negligence when a condition on his land causes injury only when the landowner had actual or constructive notice of the condition." *Taylor v. United States*, 121 F.3d 86, 89–90 (2d Cir. 1997). Bynoe does not contend that Target or its employees caused the syrup spill, or that anyone employed by Target possessed actual knowledge of the spill. Therefore, the sole disputed issue at summary judgment was whether a reasonable jury could find that Target had constructive notice of the syrup spill. Here, Target had the initial burden of establishing that it did not have such constructive notice.

"To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." *Gordon v. Am. Museum of Natural History*, 67 N.Y.2d 836, 837 (1986). The District Court correctly held that "there are two ways in which a plaintiff can establish constructive notice on the part of the defendant: either (i) by demonstrating that the defective condition (a) was visible and apparent and (b) had existed for a sufficient length of time to permit the defendant to discover and remedy the condition, or (ii) by demonstrating that the defect is a recurring condition."[1] "Under the principles of *Gordon*, awareness of a *general* dangerous condition is not enough to charge a defendant with constructive notice of the *particular* dangerous condition that caused an injury." *Taylor*, 121 F.3d at 90.

Here, the parties do not dispute that the spilled syrup was visible and apparent, and so the only issue is whether the spilled syrup had been present for a sufficient length of time for purposes of imputing constructive notice to Target. As to this issue, two independent eyewitnesses averred

---

[1] Bynoe does not raise on appeal the issue of constructive notice based on a recurring dangerous condition.

2

that the liquid looked fresh, because it did not have any footprints, tracks, or wheel marks in it, through it, or around it. They also stated that the spill did not appear to be dirty, was syrupy, mostly clear, and "a little bit creamy in color." A Target store manager testified that as part of a regular inspection of the premises, she had walked past the aisle between ten and thirty minutes prior to being notified of the accident. Bynoe herself described the spill as "clear," "a little gluey," and in the shape of a "broken circle," with liquid running out where her fall had broken the circle. Later, while in the emergency room, Bynoe described the syrup that remained on her slippers as dried and sticky.

Based on this evidence, the District Court concluded that Target had met its initial burden of producing evidence suggesting that the spilled syrup had not existed for a significant amount of time prior to the accident.

In response, Bynoe did not adduce evidence to contradict the eyewitnesses' statements or the store manager's testimony about routine store inspections. Instead, she attempted to meet her burden to rebut Target's case by relying on expert testimony. Her expert, William Marletta, indicated in his report that "in order for [the spilled syrup] to dry up and become sticky" it must have existed on the floor "for at least an hour, if not several hours" prior to the accident. In his deposition, he further noted that the syrup could become "whitish" as it evaporates and crystallizes. Bynoe contends that Dr. Marletta's testimony creates a genuine issue of material fact, precluding summary judgment.

The District Court found that the expert's conclusion "ignore[d] Plaintiff's description of the syrup at the scene of the accident and [was] instead based only on her later description of the syrup" while at the hospital. On that basis, it found the testimony insufficient to satisfy Bynoe's burden, and, accordingly, granted summary judgment to Target.

Having reviewed the record, we conclude that summary judgment was not merited. The District Court found that the expert misinterpreted plaintiff's testimony and based his conclusions on incorrect facts. We disagree. Bynoe testified that the syrup at the time of her fall was "gluey," and that it was sticky when she stepped in it. The expert's conclusions are based, *inter alia*, on those facts. He did not, contrary to the District Court's finding, rely only on Bynoe's description of the syrup after she arrived at the hospital. Further, Dr. Marletta's testimony that the syrup would turn "whitish" as it sat is also consistent with the two independent eyewitnesses' statements that the spill was "creamy in color." A jury, of course, need not credit the expert's conclusions or the plaintiff's underlying testimony. *See Caruolo v. John Crane, Inc.*, 226 F.3d 46, 54 (2d Cir. 2000). But on summary judgment, the District Court must construe the evidence in the light most favorable to the non-moving party, and draw all reasonable inferences in its favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The District Court did not properly do so here.

We note that it may well have been within the District Court's discretion to conclude that the expert's testimony was inadmissible as unreliable or speculative under *Daubert v. Merrell Dow*

*Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). *See, e.g.*, *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999) (district court's exclusion of expert testimony reviewed for abuse of discretion); *Zaremba v. Gen. Motors Corp.*, 360 F.3d 355, 357 (2d Cir. 2004). However, the District Court did not explicitly engage in a *Daubert* analysis when it rejected Dr. Marletta's expert opinion, and as a result it appears to have either missed the point of certain of his findings and conclusions, or failed to view them in the light most favorable to the plaintiff. Under these circumstances, we conclude that Byone's expert testimony creates a sufficient question of fact to defeat summary judgment in Target's favor.

## CONCLUSION

We have reviewed the record and the parties' arguments on appeal. For the reasons set out above, we **VACATE** the judgment of the District Court, entered October 26, 2012, and **REMAND** the cause for further proceedings consistent with this order.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court