Capers v New York City Hous. Auth. (2018 NY Slip Op 03749)





Capers v New York City Hous. Auth.


2018 NY Slip Op 03749


Decided on May 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 24, 2018

Friedman, J.P., Gische, Andrias, Kern, Oing, JJ.


6660 301499/15

[*1]Shantel Capers, Plaintiff-Respondent,
v
New York City Housing Authority, Defendant-Appellant.


Herzfeld & Rubin, P.C., New York (Linda M. Brown of counsel), for appellant.
Ephrem J. Wertenteil, New York, for respondent.



Order, Supreme Court, Bronx County (Llinet M. Rosado, J.), entered on or about September 11, 2017, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff testified that on the day of the accident (Thanksgiving) she took the stairs down from the third floor and they were dry. This was sometime between 11:30am and noon that day. When she returned some twenty minutes later, sometime between 11:50 a.m. and 12:20 p.m., plaintiff walked up the same flight of stairs. On her way up, she noticed there was some liquid or water on the steps and she sidestepped the puddle. Later that day, at 3 p.m., plaintiff took the same flight of stairs a third time, this time with her son. Plaintiff testified that as she walked down the stairs at 3 p.m. she slipped and fell. Her testimony is that she slipped on water or some liquid substance that had no smell and that it was in the same location on the stairs where she had previously observed a puddle earlier that afternoon.
Defendant denies that it had actual notice of the condition alleged. Defendant's building caretaker testified that she inspected the staircase twice that day, following an established schedule. Her first inspection was at approximately 8:20 a.m. and her second inspection was at 12:30 p.m.. The caretaker denied having seen any liquid or water on the steps either time and defendant also contends no one made any complaints about a wet condition on the stairs that day.
Summary judgment was not appropriate, and the motion was correctly denied. Defendant failed to satisfy its prima facie burden of showing the absence of actual notice of a dangerous condition on the steps upon which plaintiff allegedly slipped and fell (see generally Gordon v American Museum of Natural History , 67 NY2d 836, 837 [1986]). The conflicting testimony as to whether or not there was water on the steps at the time the caretaker's second inspection implicates issues of credibility. If, as plaintiff claims, there was water on the steps at or shortly before 12:30 p.m., when the caretaker did her second inspection, then defendant knew, or in the exercise of reasonable care, should have known that a dangerous condition existed but, nevertheless, failed to remedy the situation (see Mendoza v Fordham-Bedford Hous. Corp. , 139 [*2]AD3d 578 [1st Dept 2016]). The evidence submitted by defendant was not sufficient to demonstrate, prima facie, that defendant did not have actual notice of the allegedly hazardous condition prior to plaintiff's fall (see Gordon , 67 NY2d at 837 [1986]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 24, 2018
CLERK