Merino v Larstrand Corp. (2023 NY Slip Op 05989)

Merino v Larstrand Corp.

2023 NY Slip Op 05989

Decided on November 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 21, 2023

Before: Manzanet-Daniels, J.P., Kapnick, Oing, Pitt-Burke, Higgitt, JJ. 

Index No. 150488/20 Appeal No. 1053 Case No. 2022-04762 

[*1]Sophia Merino, Plaintiff-Respondent,
v
Larstrand Corporation et al., Defendants-Appellants, CP Burn, LLC, et al., Defendants-Respondents, Prime Building Management Services Inc., Defendant.

Goldberg Segalla, LLP, White Plains (Michael P. Kandler of counsel), for appellants.
David Resnick & Associates, P.C., New York (Gary Morgenstern of counsel), for Sophia Merino, respondent.
Brownell Partners, PLLC, New York (David A. Peskanov of counsel), for CP Burn, LLC and CP-3 79th, LLC, respondents.

Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered on August 9, 2022, which denied defendants Larstrand Corporation and 723 Associates L.L.C.'s (together Larstrand defendants) motion for summary judgment dismissing the complaint and all cross-claims against them and for summary judgment on their cross-claims for contractual indemnification and insurance coverage against defendants CP Burn, LLC and CP-3 79th, LLC (together CP Burn), and granted CP Burn's motion for summary judgment dismissing the Larstrand defendants' cross-claims for contractual indemnification, unanimously affirmed, with costs.
Plaintiff slipped and fell on an interior staircase of a building owned and managed by the Larstrand defendants, while descending the stairs from the second floor to the first floor after finishing an exercise class at tenant CP Burn's studio. Plaintiff testified that when she arrived at the building at approximately 6:30 p.m., there was accumulated rainwater on the stairs. As plaintiff left at approximately 7:30 p.m., there was still accumulated rainwater on the stairs. Testimony from defendants established that the stairs were last cleaned at around 12:36 p.m. and that, in any event, the maintenance schedule did not go past 3:00 p.m. on any given day.
The court correctly denied the Larstrand defendants' motion for summary judgment. The evidence raised triable issues as to whether the wet condition existed for a sufficient length of time for the Larstrand defendants to have a reasonable opportunity to discover it and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]).
The Larstrand defendants' cross-claims for contractual indemnification against CP Burn were properly dismissed because the lease did not require indemnification for claims arising in a common area controlled by the Larstrand defendants and shared with other tenants for ingress and egress (see 625 Ground Lessor LLC v Continental Cas. Co., 131 AD3d 898, 899 [1st Dept 2015], lv denied 26 NY3d 916 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 21, 2023