Scammell v Flum (2024 NY Slip Op 01327)

Scammell v Flum

2024 NY Slip Op 01327

Decided on March 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LARA J. GENOVESI
CARL J. LANDICINO, JJ.

2023-00662
 (Index No. 608150/20)

[*1]Kurt Scammell, appellant, 
v
Harvey Flum, et al., respondents.

Bragoli & Associates, P.C., Melville, NY (Michael R. Sorce and Susan R. Nudelman of counsel), for appellant.
Lawrence & Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Conrad D. Singer, J.), entered December 12, 2022. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when he slipped and fell while descending a staircase inside the defendants' residential property. According to the plaintiff, he slipped on what he "assume[d]" to be paint thinner sprayed by a painter who had been working at the top of the staircase. The plaintiff commenced this action against the defendants to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the defendants' motion. The plaintiff appeals.
"In a slip-and-fall case, a defendant property owner moving for summary judgment has the burden of making a prima facie showing that it neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [a] defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837).
Here, the defendants established, prima facie, that they did not create the alleged hazardous condition or have actual or constructive notice of its existence (see Loper v Stop & Shop Supermarket Co., LLC, 206 AD3d 641, 642; Hagan v City of New York, 166 AD3d 590, 591; Guzman v Jewish Bd. of Family & Children's Servs., Inc., 103 AD3d 776, 777). In support of their motion, the defendants submitted, inter alia, the deposition testimony of the plaintiff. At his deposition, the plaintiff testified that the alleged hazardous condition "wasn't there" when he ascended the steps and traversed "the same spot" approximately 7 to 10 minutes prior to the accident. In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
LASALLE, P.J., CONNOLLY, GENOVESI and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court