Siino v Little Disciple Learning Ctr., Inc. (2025 NY Slip Op 04802)

Siino v Little Disciple Learning Ctr., Inc.

2025 NY Slip Op 04802

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2022-08699
 (Index No. 62802/19)

[*1]Rosario Siino, et al., appellants, 
v
Little Disciple Learning Center, Inc., et al., respondents.

Michael H. Zhu, Esq., P.C., New York, NY, for appellants.
Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY (Jonathan R. Harwood of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated September 30, 2022. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging common-law negligence.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On January 31, 2019, the plaintiff Rosario Siino (hereinafter the injured plaintiff) allegedly was injured when he slipped and fell as he descended a stairway located inside the defendants' premises. The injured plaintiff, and his wife suing derivatively, commenced this action against the defendants to recover damages for personal injuries alleging, inter alia, common-law negligence. At his deposition, the injured plaintiff testified that, after his alleged fall, he observed a "significant amount of water" on the step that he slipped on. The defendants moved, among other things, for summary judgment dismissing the cause of action alleging common-law negligence. By order dated September 30, 2022, the Supreme Court, inter alia, granted that branch of the defendants' motion. The plaintiffs appeal.
"In a slip-and-fall case, a defendant property owner moving for summary judgment has the burden of making a prima facie showing that it neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137; see Carmenati v Sea Park E., L.P., 229 AD3d 757, 758). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837; see Carmenati v Sea Park E., L.P., 229 AD3d at 758). "To meet its prima facie burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (Arbit v Costco Wholesale Corp., 230 AD3d 1089, 1090 [internal quotation marks omitted]; see Carmenati v Sea Park E., L.P., 229 AD3d at 758).
Here, the defendants established, prima facie, that they did not create the alleged [*2]dangerous condition or have actual or constructive notice of its existence (see Arbit v Costco Wholesale Corp., 230 AD3d at 1090; Carmenati v Sea Park E., L.P., 229 AD3d at 758; Pagan v New York City Hous. Auth., 172 AD3d 888, 890). In support of their motion, the defendants submitted, among other things, a transcript of the deposition testimony of the director of the defendant Little Disciple Learning Center, Inc., which demonstrated that the area of the stairway was last inspected at 9:20 a.m. on the date of the accident, approximately 70 minutes before the injured plaintiff fell, and that no liquid or similar substance was found in that location.
In opposition, the plaintiffs failed to raise a triable issue of fact, as the plaintiffs' expert affidavit was speculative and conclusory (see Tamrazyan v 379 Ocean Parkway, LLC, 232 AD3d 736, 737; Fotiatis v Cambridge Hall Tenants Corp., 70 AD3d 631, 632).
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging common-law negligence.
The plaintiffs' remaining contention is improperly raised for the first time in their reply brief.
DILLON, J.P., DOWLING, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court