Castle v Swartfiguer
2026 NY Slip Op 03563
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

KYLE CASTLE, PLAINTIFF,
v
JASON SWARTFIGUER, INDIVIDUALLY AND DOING BUSINESS AS J.W. SERVICES, DEFENDANT. ---------------------------------------------------- JASON SWARTFIGUER, THIRD-PARTY PLAINTIFF-RESPONDENT,
CHRISTOPHER CLEVELAND, THIRD-PARTY DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
309 CA 25-00369
Present: Lindley, J.P., Curran, Ogden, Nowak, And Delconte, JJ.

SUGARMAN LAW FIRM LLP, SYRACUSE (THOMAS J. DAVIAU OF COUNSEL), FOR THIRD-PARTY DEFENDANT-APPELLANT.
COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (JAMES J. GASCON OF COUNSEL), FOR THIRD-PARTY PLAINTIFF-RESPONDENT.

Appeal from an order of the Supreme Court, Oneida County (James P. McClusky, J.), entered January 22, 2025, in a personal injury action. The order denied the motion of third-party defendant for summary judgment dismissing the amended third-party complaint.
[*1]
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when, as he stepped onto a temporary basement staircase located in a modular home belonging to Christopher Cleveland (third-party defendant), the staircase suddenly collapsed underneath him. Plaintiff alleged that the staircase had been negligently installed several weeks before the accident by defendant-third-party plaintiff, Jason Swartfiguer (defendant), who was hired by third-party defendant to help install the home's HVAC and plumbing systems. Defendant installed the temporary staircase to help him, and others working on the site, to more easily move materials between the floors of the home. Defendant secured in place the top of the temporary staircase by using two three-inch screws; nothing affixed the staircase to the basement floor. Upon being sued by plaintiff, defendant commenced a third-party action against third-party defendant asserting claims of common-law indemnification and contribution on the ground that third-party defendant was negligent in connection with the installation of the basement staircase. Supreme Court denied third-party defendant's motion for summary judgment dismissing the amended third-party complaint. Third-party defendant now appeals, and we affirm.
Third-party defendant contends that the court erred in denying his motion with respect to both common-law indemnification and contribution. We reject that contention. "[T]o establish a claim for common-law indemnification, the one seeking indemnity must prove not only that [he] was not guilty of any negligence . . . but must also prove that the proposed indemnitor was guilty of some negligence that contributed to the causation of the accident" (Provens v Ben-Fall Dev., LLC, 163 AD3d 1496, 1499 [4th Dept 2018] [internal quotation marks omitted]; see Lagares v Carrier Term. Servs., Inc. [appeal No. 2], 204 AD3d 1456, 1459 [4th Dept 2022]; see generally Ignatowski v Ledgestone Vil. LLC, 242 AD3d 1620, 1621 [4th Dept 2025]). With respect to contribution, "where a third party is found to have been responsible for a part, but not all, of the negligence for which a defendant is cast in damages, the responsibility for that part is recoverable [*2]by the prime defendant against the third party" (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 585 [1998] [internal quotation marks omitted]; see Dole v Dow Chem. Co., 30 NY2d 143, 148-149 [1972]; see generally CPLR 1401).
Here, third-party defendant did not meet his initial burden of establishing "that [he] was free of any negligence that contributed to the cause of [plaintiff's] accident" (Parsons v County of Steuben, 240 AD3d 1333, 1337 [4th Dept 2025] [internal quotation marks omitted]). Indeed, viewing the facts in the light most favorable to defendant as the nonmovant and drawing every available inference in his favor (see generally De Lourdes Torres v Jones, 26 NY3d 742, 763 [2016]), we conclude that third-party defendant's own submissions raise triable questions of fact with respect to his own negligence in causing plaintiff's accident, requiring denial of the motion with respect to both contribution and common-law indemnification. Third-party defendant's submissions, which included the depositions of the parties, raise questions of fact whether, as the owner of the premises where the accident occurred, he either created or had actual or constructive notice of the dangerous condition that caused plaintiff's injury—i.e., the defectively installed temporary staircase (see generally Morrison v New York City Hous. Auth., 41 NY3d 1023, 1024 [2024]; Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1136 [2017]; Mirco v Tops Mkts., LLC, 225 AD3d 1125, 1126 [4th Dept 2024]).
Specifically, defendant testified at his deposition that, although third-party defendant did not provide detailed instructions on how to install the staircase, he did tell defendant to use as few fasteners as possible, which caused defendant to install the stairs with only two screws. Defendant further testified that he told third-party defendant that more than two fasteners should be used to properly install the stairs. It is undisputed that defendant also informed third-party defendant that the stairs were a temporary installation, and third-party defendant confirmed that he would finish the stairs with a more permanent installation. At his deposition, third-party defendant testified that, when the stairs were installed, defendant did not utilize any supports to hold them up. Third-party defendant also indicated that he thought the stairs would be secured from the bottom. Defendant testified that third-party defendant never instructed him to install supports under the stairs. However, defendant would, at times, place temporary supports under the stairs, when he used them; those supports were no longer in place after defendant finished his work at the home. Under these circumstances, we conclude that third-party defendant's submissions did not establish, as a matter of law, that he did not create or have notice of the purportedly dangerous condition of the stairs sufficient to warrant dismissal of the contribution and common-law indemnification claims asserted against him (see Mirco, 225 AD3d at 1126; Walsh v Super Value, Inc., 76 AD3d 371, 376 [2d Dept 2010]; see generally Gordon v American Museum of Natural History, 67 NY2d 836, 837-838 [1986]). Inasmuch as third-party defendant's submissions raise triable issues of fact with respect to whether he created or had notice of the allegedly defective condition, we further conclude that the court did not err in denying the motion with respect to proximate cause and whether third-party defendant had a duty to warn plaintiff about the condition of the stairs (see generally Taggart v Fandel, 148 AD3d 1521, 1523 [4th Dept 2017], lv denied 30 NY3d 903 [2017]).
Because third-party defendant failed to meet his initial burden on the motion, the burden never shifted to defendant, and denial of the motion "was required 'regardless of the sufficiency of the opposing papers' " (Scruton v Acro-Fab Ltd., 144 AD3d 1502, 1503 [4th Dept 2016], quoting Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see End of the Hill, LLC v Brock Acres Realty, LLC, 206 AD3d 1587, 1588 [4th Dept 2022]).
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court