■ **MARIA EGE** et al., Appellants, v **TOWN OF OYSTER BAY** et al., Respondents. [661 NYS2d 528] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Feuerstein, J.), dated June 27, 1996, as granted the defendant County of Nassau's cross motion for summary judgment dismissing the complaint and awarded the defendant Town of Oyster Bay costs pursuant to CPLR 8303-a against the plaintiffs' attorney in the amount of $1,000.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, the motion for summary judgment is denied, and the award of costs is stricken.

The plaintiff Maria Ege was allegedly injured when a tree limb fell on top of her car while she was stopped for a light on Wolver Hollow Road in the Village of Upper Brookville in Nassau County. The County of Nassau conceded that Wolver Hollow Road is a County road and that the tree was located within the County's "maintenance right of way". The plaintiffs commenced this action against the County of Nassau, the Town of Oyster Bay, and the Village of Upper Brookville, alleging that the defendants were negligent in failing to maintain, inspect, and repair the tree, which was allegedly decayed. However, the plaintiffs discontinued the action against the Town and Village.

Although there was no evidence that the County had actual notice of the defective condition of the tree, there is an issue of fact as to whether the County had constructive notice of the decayed condition of the tree so as to preclude the grant of summary judgment (see, Harris v Village of E. Hills, 41 NY2d 446; Buccellato v County of Nassau, 158 AD2d 440).

Further, in view of the parties' stipulation that the plaintiffs' discontinuance of the action against the Town and Village was without costs, it was error to impose costs against the plaintiffs' attorney (see, Nishman v De Marco, 76 AD2d 360, 368). Bracken, J. P., Copertino, Santucci and McGinity, JJ., concur.