■ SELAMAWIT A. HILLIARD, Respondent, v TOWN OF GREENBURGH, Appellant. [754 NYS2d 29] —In an action to recover damages for personal injuries, etc., the Town of Greenburgh appeals from an order of the Supreme Court, Westchester County (LaCava, J.), dated February 21, 2001, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On June 24, 1998, the decedent, Ralph Hilliard, was driving with his wife, the plaintiff, on Central Park Avenue in the Town of Greenburgh, when a decayed tree located on Town property fell on their car. The tree was located in an undeveloped parkland area (sometimes referred to as a passive use park) that abutted the road. The plaintiff commenced this action against the Town to recover damages for personal injuries and for the wrongful death of her husband. The Town moved for summary judgment, arguing that it had no duty to inspect trees on its property bordering streets and roadways, and, assuming that it had such a duty, it had neither actual or constructive notice of the tree's decayed condition.

"[T]he duty of a municipality to maintain its roadways in a reasonably safe condition extends to trees which are adjacent to the road and which could reasonably be expected to pose a danger to travellers" (*Leach v Town of Yorktown,* 251 AD2d 630; *see Guido v State of New York,* 248 AD2d 592). However, liability does not attach unless the municipality had actual or constructive notice of the dangerous condition (*see Harris v Village of E. Hills,* 41 NY2d 446, 450; *cf. Fowle v State of New York,* 187 AD2d 698, 699).

The Town contends that *Harris v Village of E. Hills (supra),* stands for the proposition that it had no duty, in the absence of a statute or ordinance, to inspect trees on its property or adjacent to its roadways. We disagree. Indeed, the reference in that case to a statutory duty was based on Village Law § 84 (*see Harris v Village of E. Hills, supra* at 449 n), which was repealed in 1972 by L 1972, ch 892, § 1. This does not mean that villages no longer have any duty with respect to dangerous trees on their properties or adjacent to their roadways. To the contrary, the *Harris* case rests on a general common-law duty of towns, villages, and the state alike (*see Stiuso v City of New*

*York,* 87 NY2d 889, 890-891; *Friedman v State of New York,* 67 NY2d 271, 283; *Finn v Town of Southampton,* 289 AD2d 285, 286). This is demonstrated by the legion of cases that cite *Harris* or that were decided on the issue of actual or constructive notice (*see Asnip v State of New York,* 300 AD2d 328; *Quog v Town of Brookhaven,* 273 AD2d 287, 288; *Newman v City of Glens Falls,* 256 AD2d 1012, 1013; *Leach v Town of Yorktown, supra* at 631; *Guido v State of New York, supra*; *Fowle v State of New York, supra*; *Holland v County of Monroe,* 126 AD2d 975), a consideration that becomes relevant only if a duty already exists.

The Supreme Court correctly denied the Town's motion for summary judgment, as the Town failed to establish in the first instance its entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). Moreover, in opposition to the motion, the plaintiff submitted evidence that the Town had no program to inspect trees in passive use parks where the tree that fell was located, that an inspection of the tree would have revealed that it was likely to fall, and that the diseased condition existed for at least several years before the accident. Accordingly, there is an issue of fact as to whether the Town had constructive notice of the tree's decayed condition. S. Miller, J.P., Schmidt, Townes and Crane, JJ., concur.