LOUIS DANIEL FERRIGNO, Respondent, v COUNTY OF SUFFOLK, Appellant. [875 NYS2d 202]—

In an action to recover damages for personal injuries, the defendant appeals from (1) a judgment of the Supreme Court, Suffolk County (Pitts, J.), entered August 10, 2007, which, upon a jury verdict awarding damages in the sums of $2,000,000 for past pain and suffering, $300,000 for past lost earnings, and $250,000 for future pain and suffering, and awarding the sum

of $67,961.73 for an attorney's fee, is in favor of the plaintiff and against it, and (2) an order of the same court dated November 26, 2007, which denied its motion to set aside the jury verdict as to both liability and damages.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof awarding damages in the sums of $2,000,000 for past pain and suffering and $300,000 for past lost earnings; as so modified, the judgment is affirmed, without costs or disbursements, and a new trial is granted on the issues of damages for past pain and suffering, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Suffolk County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering to the sum of $750,000; in the event that the plaintiff so stipulates, then the judgment, as so modified, reduced, and amended, is affirmed, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order as denied that branch of the defendant's motion which was to set aside the jury verdict as to damages for past lost earnings is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

A municipality has a duty to maintain its roadways in a reasonably safe condition, and this duty extends to trees adjacent to the road which could pose a danger to travelers (*see Hilliard v Town of Greenburgh*, 301 AD2d 572 [2003]). However, the municipality will not be held liable unless it had actual or constructive notice of the dangerous condition (*id.*). To provide constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). In cases involving liability for fallen trees, a manifestation of nonvisible decay must be readily observable in order to give rise to a duty to prevent harm (*see Ivancic v Olmstead*, 66 NY2d 349, 351 [1985]).

Here, the plaintiff was driving his van west on Vanderbilt Parkway, near McCulloch Drive, on the morning of March 6, 1997, when a large tree fell on his van and crushed it. The road and the adjacent land were maintained by the County of Suffolk.

John H. Hickey, Sr., an expert arborist, testified on behalf of the plaintiff that, when trees die, they usually shed all of their

small branches, leaving only "larger branches sticking up." Arborists refer to this effect as a "staghorn," which serves as an indication that a tree is dead. Hickey opined, with a reasonable degree of certainty, that the tree at issue had evidence of a staghorn. Hickey indicated that he could see the staghorn effect in a photograph of the tree after it fell on the plaintiff's van. He testified that it was his opinion that the tree had been dead for more than five years at the time it fell. He further testified that the staghorn effect and "a canopy that had just stubs and [was] void of leaves" would have been visible from the roadway. He stated that it would stand out to "someone who was looking" because it would not have leaves and "would have stubs."

In light of Hickey's testimony with regard to the condition of the tree at the time it fell, specifically with regard to its exhibition of the "staghorn effect," there was sufficient evidence to establish that the manifestation of nonvisible decay in the tree was readily observable from the roadway, which gave rise to the County's duty to take reasonable steps to prevent harm (see Ivancic v Olmstead, 66 NY2d at 351).

"A claim for lost earnings must be established with reasonable certainty" (Morgan v Rosselli, 23 AD3d 356, 357 [2005]; see Gomez v City of New York, 260 AD2d 598, 599 [1999]; Poturniak v Rupcic, 232 AD2d 541, 542 [1996]; Bacigalupo v Healthshield, Inc., 231 AD2d 538, 539 [1996]). At trial, the plaintiff only offered his own unsubstantiated testimony regarding his purported lost earnings, and he did not submit any documentary evidence to substantiate his claim (see Morgan v Rosselli, 23 AD3d at 357). Accordingly, the plaintiff was not entitled to an award of lost earnings (id.).

The damages awarded to the plaintiff for past pain and suffering are excessive to the extent indicated herein, as they deviate materially from what would be reasonable compensation (see CPLR 5501 [c]).

The defendant's remaining contention is without merit. Spolzino, J.P., Angiolillo, Dickerson and Belen, JJ., concur.