◼ LOURDES M. FIGUEROA-CORSER et al., Respondents, v TOWN OF CORTLANDT et al., Appellants. [967 NYS2d 744]—

In an action to recover damages for wrongful death, (1) the defendant Town of Cortlandt appeals from an order of the Supreme Court, Westchester County (Liebowitz, J.), dated December 5, 2011, which granted the plaintiffs' motion for leave to reargue their opposition to its prior motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, which had been granted in a prior order of the same court dated September 7, 2011, and, upon reargument, vacated the determination in the order dated September 7, 2011, and thereupon denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and (2) the defendants Furnace Dock, Inc., and Blitman Development Corp. separately appeal, as limited by their re-

spective briefs, from so much of an order of the same court dated December 7, 2011, as denied their respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them.

Ordered that the order dated December 5, 2011, is affirmed; and it is further,

Ordered that the order dated December 7, 2011, is affirmed insofar as appealed from by the defendant Furnace Dock, Inc.; and it is further,

Ordered that the order dated December 7, 2011, is reversed insofar as appealed from by the defendant Blitman Development Corp., on the law, and the motion of that defendant for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs payable by the defendants Town of Cortlandt and Furnace Dock, Inc., and one bill of costs is awarded to the defendant Blitman Development Corp. payable by the plaintiffs.

John Corser, the husband of the plaintiff Lourdes M. Figueroa-Corser, was killed when a tree fell on his car as he was driving on Furnace Dock Road in the defendant Town of Cortlandt. The tree was located on property whose title owner was the defendant Furnace Dock, Inc. (hereinafter Furnace Dock), and at the time of the accident, the property was in contract to be sold to the defendant Blitman Development Corp. (hereinafter Blitman).

The Supreme Court providently exercised its discretion in granting the plaintiffs' motion for leave to reargue their opposition to the Town's prior motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, as the plaintiffs demonstrated that the Supreme Court initially misapprehended a fact in determining that motion (*see* CPLR 2221 [d] [2]; *Meadowbrook Farms Homeowners Assn., Inc. v JZG Resources, Inc.*, 105 AD3d 820, 821 [2013]).

Upon reargument, the Supreme Court properly denied the Town's prior motion. " '[T]he duty of a municipality to maintain its roadways in a reasonably safe condition extends to trees which are adjacent to the road and which could reasonably be expected to pose a danger to travellers' " (*Hilliard v Town of Greenburgh*, 301 AD2d 572, 572 [2003], quoting *Leach v Town of Yorktown*, 251 AD2d 630, 630 [1998]). "However, liability does not attach unless the municipality had actual or constructive notice of the dangerous condition" (*Hilliard v Town of*

*Greenburgh*, 301 AD2d at 572). "To provide constructive notice, 'a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it' " (*Ferrigno v County of Suffolk*, 60 AD3d 726, 727 [2009], quoting *Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). "In cases involving liability for fallen trees, a manifestation of nonvisible decay must be readily observable in order to give rise to a duty to prevent harm" (*Ferrigno v County of Suffolk*, 60 AD3d at 727).

Here, the Town established its prima facie entitlement to judgment as a matter of law by submitting evidence that it did not have actual or constructive notice of the alleged dangerous condition of the subject tree (*see Fowle v State of New York*, 187 AD2d 698, 699 [1992]). In opposition, the plaintiffs submitted an expert affidavit which raised a triable issue of fact as to whether the Town had constructive notice of the alleged dangerous condition of the tree (*see Harris v Village of E. Hills*, 41 NY2d 446, 449 [1977]; *Rivers v Birnbaum*, 102 AD3d 26 [2012]; *Ferrigno v County of Suffolk*, 60 AD3d at 726; *Hilliard v Town of Greenburgh*, 301 AD2d at 573).

The Supreme Court properly denied Furnace Dock's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. A landowner has a duty to maintain his or her premises in a reasonably safe condition to prevent foreseeable injuries (*see Basso v Miller*, 40 NY2d 233 [1976]). "In cases involving fallen trees, a property owner will be held liable only if he or she knew or should have known of the dangerous condition of the tree" (*Pulgarin v Demonteverde*, 63 AD3d 1026, 1026-1027 [2009]; *see Crawford v Forest Hills Gardens*, 34 AD3d 415, 415-416 [2006]).

Here, Furnace Dock established its prima facie entitlement to judgment as a matter of law by submitting evidence that it did not have actual or constructive notice of the alleged dangerous condition of the tree (*see Pulgarin v Demonteverde*, 63 AD3d at 1027). In opposition, the plaintiffs raised a triable issue of fact as to whether Furnace Dock had constructive notice of the alleged dangerous condition of the tree (*see Crawford v Forest Hills Gardens*, 34 AD3d at 416).

The Supreme Court erred in denying Blitman's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. As a general rule, liability for a dangerous or defective condition on property is predicated upon ownership, occupancy, control, or special use of the property. Where none is present, a party cannot be held liable for

injuries caused by the dangerous or defective condition of the property (*see Ruffino v New York City Tr. Auth.*, 55 AD3d 817, 818 [2008]).

Here, Blitman established its prima facie entitlement to judgment as a matter of law by submitting evidence that it did not own, occupy, or control the property, and that there was no special use of the property (*see Marrone v South Shore Props.*, 29 AD3d 961, 963 [2006]). In opposition, the plaintiffs failed to raise a triable issue of fact. Rivera, J.P., Leventhal, Sgroi and Cohen, JJ., concur.