In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Feinman, J.), dated December 1, 2011, as granted that branch of the motion of the defendant Fianona Restaurant which was for summary judgment dismissing the amended complaint insofar as asserted against it.
Ordered that the order is affirmed insofar as appealed from, with costs.
On the evening of January 30, 2009, the plaintiff was at a bar owned and operated by the defendants Nicole’s Lounge, Inc., and Bada Bam on Hillside Avenue in New Hyde Park. After a fight broke out in the bar between other patrons not associated with the plaintiff, the bouncer directed all patrons to leave via the rear exit. The plaintiff, following some of his friends, exited the bar through the rear door, which opened into a back alley. The plaintiff and his friends turned right where, approximately 175 feet away, they encountered a fence approximately four feet in height. The plaintiff climbed over the fence and took a few steps onto a wooden surface before falling into a stairwell behind the defendant Fianona Restaurant (hereinafter Fianona) that led to its basement. The stairwell was partially covered by a wooden board.
The plaintiff commenced this action against Fianona, among others, to recover damages for personal injuries. The Supreme Court granted Fianona’s motion, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against it.
A landowner has a duty to maintain his or her premises in a reasonably safe condition to prevent foreseeable injuries (see Basso v Miller, 40 NY2d 233, 241 [1976]; Figueroa-Corser v Town of Cortlandt, 107 AD3d 755, 757 [2013]). The scope of such duty is determined in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk (see Basso v Miller, 40 NY2d at 241). “Absent a hazardous condition or other circumstance giving rise to an obligation to provide exterior lighting for a particular area, landowners are generally not required ‘to illuminate their property during all hours of darkness’ ” (Miller v Consolidated Rail Corp., 9 NY3d 973, 974 [2007], quoting Peralta v Henriquez, 100 NY2d 139, 145 [2003]).
*658 Here, Fianona established its prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against it. Fianona submitted evidence demonstrating that it was not aware of any other prior similar incidents or injuries on its premises and that there was no access between the rear of its premises and the rear portions of the stores situated to the west of it, which included the subject bar. Additionally, Fianona’s submissions demonstrated that the restaurant was closed at the time of the incident, that the back door of the restaurant was locked, and that none of Fianona’s employees was at the premises. Thus, Fianona established, prima facie, that under the circumstances of this case, the basement stairwell partially covered by a piece of wood did not constitute an unreasonably dangerous condition (see Peralta v Henriquez, 100 NY2d at 145; Yacoub v 1540 Wallco, Inc., 104 AD3d 408, 408-409 [2013]). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted that branch of Fianona’s motion which was for summary judgment dismissing the amended complaint insofar as asserted against it. Mastro, J.E, Lott, Austin and Hinds-Radix, JJ., concur.