In an action, inter alia, to recover damages for wrongful death, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated April 5, 2012, which granted the separate motions of the defendant Donna Paradise and the defendant Town of North Hempstead for summary judgment dismissing the complaint insofar as asserted against each of them.
Ordered that the order is reversed, on the law, with one bill of costs, and the separate motions of the defendant Donna Paradise and the defendant Town of North Hempstead for summary judgment dismissing the complaint insofar as asserted against each of them are denied.
On July 5, 2008, Jose Machicado was killed on I.U. Willets Road in Roslyn Heights when a large oak tree toppled over and crushed his car. Machicado’s widow, individually and as administrator of his estate, and Machicado’s children, commenced this action against, among others, the Town of North Hempstead and Donna Paradise, who owned the property where the tree had been located. After discovery was completed, Paradise and the Town separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. Paradise asserted that she had neither actual nor constructive notice of the defective condition of the tree. The Town asserted that the tree had been located outside its right of way so it had no duty with respect to it, and that, in any event, it had neither actual nor constructive notice of the defective condition of the tree. The Supreme Court granted the separate motions.
First, contrary to the Town’s contention, the exact location of the tree with respect to the Town’s right of way is not dispositive: the duty of a municipality to maintain its roadways in a reasonably safe condition extends to trees that are adjacent to the roadway and which could reasonably be expected to pose a danger to travelers (see Hilliard v Town of Greenburgh, 301 AD2d 572, 572 [2003]; Leach v Town of Yorktown, 251 AD2d 630, 630-631 [1998]). Evidence in the record established that *681 the tree was very large and leaned toward I.U. Willets Road. Accordingly, the Town failed to establish, prima facie, that the tree could not reasonably be expected to pose a danger to travelers if it was in a defective condition.
Additionally, Paradise and the Town failed to establish their prima facie entitlement to judgment as a matter of law on the issue of constructive notice. In support of their separate motions for summary judgment dismissing the complaint, Paradise and the Town each submitted the deposition testimony of the plaintiff Sara Machicado. She testified that she and her husband had driven on I.U. Willets Road about two to three months before the tree fell on his car, and she had noticed that the tree appeared to have holes near the bottom, among other signs of ill health, and was not in good condition. This testimony demonstrated the existence of a triable issue of fact as to whether Paradise and the Town had constructive notice of the defective condition of the tree (see Gyokchyan v City of New York, 106 AD3d 780, 781-782 [2013]; Acevedo v New York City Tr. Auth., 97 AD3d 515, 516-517 [2012]; Ege v Town of Oyster Bay, 241 AD2d 507, 508 [1997]). Accordingly, the motions of Paradise and the Town should have been denied without regard to the sufficiency of the plaintiffs’ papers submitted in opposition (see Acevedo v New York City Tr. Auth., 97 AD3d at 516-517; Roofeh v 141 Great Neck Rd. Condominium, 85 AD3d 893, 894 [2011]).
In light of our determination, we need not address the parties’ remaining contentions. Skelos, J.E, Balkin, Leventhal and Sgroi, JJ., concur.