On June 24, 2008, the injured plaintiff, Robert S. Austin, was engaged in a repaving project, operating a paving truck on a tree-lined road located in the Town of Southampton, when a piece of wood, apparently a piece of a tree branch, became embedded in his forehead. The injured plaintiff, and his wife suing derivatively, commenced this action against the Town and Longtree Pond Homeowners’ Association, Inc. (hereinafter Longtree), the owner of the land and trees located on both sides of the road, alleging that he had been injured by a low-hanging tree branch. The Town moved, and Longtree cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them, arguing that they did not have notice of the allegedly dangerous condition. The Supreme Court granted those branches of the motion and cross motion, and the plaintiffs appeal.
*712 A municipality has a duty to maintain its roadways in a reasonably safe condition, and this duty extends to trees adjacent to the road which could pose a danger to travelers (see Ferrigno v County of Suffolk, 60 AD3d 726, 727 [2009]; Collado v Incorporated Town and/or Vil. of Freeport, 6 AD3d 378, 379 [2004]; Hilliard v Town of Greenburgh, 301 AD2d 572 [2003]). However, the municipality will not be held liable unless it had actual or constructive notice of the dangerous condition (see Ferrigno v County of Suffolk, 60 AD3d at 727; Collado v Incorporated Town and/or Vil. of Freeport, 6 AD3d at 379; Hilliard v Town of Greenburgh, 301 AD2d at 572). Under the circumstances presented here, the Town failed to establish, prima facie, that it did not have notice of the alleged defect. In support of its motion, the Town submitted a transcript of the deposition testimony of Nathaniel Roach, the foreman of the Town’s Highway Department, wherein Roach testified that, when he inspected the road in anticipation of the repaving project to ensure that the trees were adequately trimmed in order to accommodate the passage of the paving trucks, he did not take into account the fact that it was customary for paving trucks to drive on the left side of the road, with the driver sitting close to the curb. Since the Town failed to establish its prima facie entitlement to judgment as a matter of law, we need not review the sufficiency of the plaintiffs’ opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). Accordingly, the Supreme Court erred in granting that branch of the Town’s motion which was for summary judgment dismissing the complaint insofar as asserted against it.
A landowner has a duty to maintain his or her property in a reasonably safe condition under the existing circumstances, and may be liable in tort if the plaintiff can establish that the landowner either affirmatively created or had actual or constructive notice of a hazardous condition (see Basso v Miller, 40 NY2d 233, 241 [1976]; Berkowitz v Long Is. Water Corp., 70 AD3d 991, 992 [2010]; Kimen v False Alarm, Ltd., 69 AD3d 579 [2010]; Williams v Long Is. R.R., 29 AD3d 900 [2006]). Here, Longtree established that it had no actual or constructive notice that the condition of its trees along the subject roadway would pose any danger to occupants of trucks engaged in roadway paving operations. In opposition to Longtree’s prima facie showing, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of Longtree’s cross motion which was for summary judgment dismissing the complaint insofar as asserted against it.
The plaintiffs’ remaining contentions are without merit, or *713 have been rendered academic in light of our determination. Dillon, J.E, Dickerson, Hall and Austin, JJ., concur.