In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated April 10, 2012, as granted that branch of the motion of the defendants and third-party plaintiffs which was for summary judgment dismissing the complaint.
Ordered that the order is affirmed insofar as appealed from, with costs.
On November 10, 2006, at approximately 12:30 a.m., the *920 plaintiff was performing interior renovation work at a store which the defendants and third-party plaintiffs leased to the third-party defendants. The plaintiff exited the building and walked along a brick walkway on the side of the premises, looking for a rock under which he intended to place a key to the building. As the plaintiff approached a concrete staircase adjoining the building, he allegedly tripped and was injured.
The prima facie showing that a defendant must affirmatively make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings (see Ortega v Liberty Holdings, LLC, 111 AD3d 904 [2013]; Foster v Herbert Slepoy Corp., 76 AD3d 210, 214 [2010]). Here, the defendants and third-party plaintiffs met their prima facie burden of establishing their entitlement to judgment as a matter of law. The submissions of the defendants and third-party plaintiffs demonstrated that they had no knowledge that the plaintiff would be performing work on the premises, that the other tenants in this commercial building closed their offices by 8:00 p.m., that the lighting illuminating the exterior of the building was on an automatic timer that turned off the lights a reasonable time thereafter, and that the area where the plaintiff was allegedly injured led only to a storage and refuse area. This evidence demonstrated, as a matter of law, that the defendants and third-party plaintiffs discharged their duty to maintain their premises in a reasonably safe condition in order to prevent foreseeable injuries (see Miller v Consolidated Rail Corp., 9 NY3d 973, 974 [2007]; Basso v Miller, 40 NY2d 233, 241 [1976]; Assefa v Bam, 112 AD3d 657 [2013]). In opposition to this prima facie showing, the plaintiff failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Accordingly, the Supreme Court properly granted that branch of the defendants and third-party plaintiffs’ motion which was for summary judgment dismissing the complaint. Dillon, J.E, Balkin, Chambers and Cohen, JJ., concur.