■ Maria Piscitelli, Respondent, v County of Suffolk et al., Respondents, and Town of Huntington, Appellant, et al., Defendants. (Action No. 1.) Bridgida Sardelli et al., Respondents, v County of Suffolk, Respondent, and Town of Huntington, Appellant, et al., Defendants. (Action No. 2.) [994 NYS2d 388]—

In two related actions to recover damages for personal injuries, the defendant Town of Huntington appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), entered September 20, 2012, as denied its cross motion for summary judgment dismissing the complaints and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the plaintiffs appearing separately and filing separate briefs.

On November 27, 2009, the plaintiffs were injured when an allegedly dead and decaying tree more than 65 feet tall, which was adjacent to the roadway of Sweet Hollow Road in the Town of Huntington, fell onto the vehicles in which they were traveling. The plaintiffs commenced actions against the Town, among others, to recover damages for personal injuries. The Town cross-moved for summary judgment dismissing the complaints and all cross claims insofar as asserted against it, on the sole ground that it owed no duty to the plaintiffs because it "did not own, maintain or control the tree or location of the tree." The Supreme Court denied the Town's cross motion.

The Town's duty to maintain its roadways in a reasonably safe condition extends to the maintenance of trees, adjacent to a road, that could reasonably be expected to pose a danger to travelers (*see Harris v Village of E. Hills*, 41 NY2d 446, 449 [1977]; *Guido v State of New York*, 248 AD2d 592 [1998]; *Fowle v State of New York*, 187 AD2d 698, 699 [1992]). Contrary to the Town's contention that it owed no duty to the plaintiffs by virtue of the fact that it did not own, maintain, or control the subject tree or the location of that tree, "the exact location of the tree with respect to the Town's right of way is not dispositive" of the issue of the Town's duty (*Machicado v Paradise*, 112 AD3d 680, 680 [2013]; *see Hilliard v Town of Greenburgh*, 301 AD2d 572, 572-573 [2003]; *cf. Figueroa-Corser v Town of Cortlandt*, 107 AD3d 755, 757 [2013]). Accordingly, the Town failed to establish its prima facie entitlement to judgment as a matter of law, and the Supreme Court correctly denied the Town's cross motion for summary judgment dismissing the complaints and all cross claims insofar as asserted against it, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Mastro, J.P., Chambers, Sgroi and LaSalle, JJ., concur.