■ JANE H. GRUEN, Appellant, v VILLAGE OF PIERMONT, Respondent, et al., Defendant. [16 NYS3d 273]—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of (1) an order of the Supreme Court, Rockland County (Alfieri, Jr., J.), entered February 4, 2014, as granted that branch of the motion of the defendant Village of Piermont which was for summary judgment dismissing the complaint insofar as asserted against it, and denied that branch of her cross motion which was for summary judgment on the issue of that defendant's liability, and (2) a judgment of the same court dated February 24, 2014, as, upon

the order, is in favor of the defendant Village of Piermont and against her dismissing the complaint insofar as asserted against that defendant.

Motion by the respondents, inter alia, to dismiss the appeal from the order on the ground that the right of direct appeal from the order terminated upon entry of the judgment. By decision and order on motion of this Court dated March 30, 2015, that branch of the motion which was to dismiss the appeal from the order was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, and no papers having been filed in opposition or in relation thereto, and upon the submission of the appeals, it is

Ordered that the branch of the respondents' motion which was to dismiss the appeal from the order is granted; and it is further,

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant Village of Piermont.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when a tree located on Ferry Road in the Village of Piermont, Rockland County, fell on her. Thereafter, the Village moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiff cross-moved, inter alia, for summary judgment on the issue of the Village's liability.

In support of that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it, the Village established, prima facie, that it did not have actual or constructive notice of the alleged dangerous condition of the subject tree (see Ivancic v Olmstead, 66 NY2d 349, 350-351 [1985]; Harris v Village of E. Hills, 41 NY2d 446, 449 [1977]; Figueroa-Corser v Town of Cortlandt, 107 AD3d 755, 757-757 [2013]; Collado v Incorporated Town and/or Vil.

*of Freeport*, 6 AD3d 378, 379 [2004]; *Quog v Town of Brookhaven*, 273 AD2d 287, 288 [2000]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Ivancic v Olmstead*, 66 NY2d at 350-351; *Quog v Town of Brookhaven*, 273 AD2d at 288; *cf. Ferrigno v County of Suffolk*, 60 AD3d 726, 727-728 [2009]).

Accordingly, the Supreme Court properly granted that branch of the Village's motion which was for summary judgment dismissing the complaint insofar as asserted against it, and denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of the Village's liability. Rivera, J.P., Dickerson, Hinds-Radix and Barros, JJ., concur.