■ THOMAS F. CONNOLLY et al., Appellants, v INCORPORATED VILLAGE OF LLOYD HARBOR et al., Respondents, et al., Defendant. [32 NYS3d 185]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Mayer, J.), dated May 29, 2015, as granted those branches of the separate motions of the defendants Incorporated Village of Lloyd Harbor and Elizabeth Walsh which were for summary judgment dismissing the amended complaint insofar as asserted against each of them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the separate motions of the defendants Incorporated Village of Lloyd Harbor and Elizabeth Walsh which were for summary judgment dismissing the amended complaint insofar as asserted against each of them are denied.

The plaintiff Thomas F. Connolly allegedly was injured when, as he was driving southbound on West Neck Road, in the Village of Lloyd Harbor, Suffolk County, an allegedly decayed and dead tree fell onto the roadway from property located at 2 Banbury Lane, causing him to lose control of his vehicle, overturn, and strike a telephone pole. The plaintiffs further alleged that, at the time of the subject accident, the property from which the tree fell was owned by the defendant Elizabeth Walsh and was located adjacent to West Neck Road. The plaintiffs subsequently commenced this action against, among others, the defendant Incorporated Village of Lloyd Harbor and Walsh. The Village and Walsh separately moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against each of them. The plaintiffs opposed the motions. The Supreme Court granted summary judgment to the Village and Walsh dismissing the amended complaint insofar as asserted against each of them. We reverse insofar as appealed from.

A municipality has a duty to maintain its roadways in a reasonably safe condition, and this duty extends to trees adjacent to the road which could pose a danger to travelers (*see Harris v Village of E. Hills*, 41 NY2d 446, 449 [1977]; *Piscitelli v County of Suffolk*, 121 AD3d 878 [2014]; *Austin v Town of Southampton*, 113 AD3d 711 [2014]). However, a municipality will not be held liable unless it had actual or constructive notice of the dangerous condition (*see Hilliard v Town of Greenburgh*, 301 AD2d 572 [2003]). Here, the Village failed to establish its prima facie entitlement to judgment as a matter of law (*see Hilliard v Town of Greenburgh*, 301 AD2d 572 [2003]) by demonstrating that it owed no duty to maintain or inspect the tree which fell in the roadway on the date of the subject accident or that it lacked actual or constructive notice of the alleged dangerous condition of the tree (*see Austin v Town of Southampton*, 113 AD3d at 711). Furthermore, the Village failed to establish its prima facie entitlement to judgment as a matter of law by demonstrating that the breach of any duty allegedly owed by it was not a proximate cause of the subject accident. Since the Village failed to establish its prima facie entitlement to judgment as a matter of law, we need not review the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

In cases involving fallen trees, a property owner will only be held liable for a tree that falls outside of his or her premises and injures another if he or she knew or should have known of the defective condition of the tree (*see Ivancic v Olmstead*, 66

NY2d 349, 351 [1985]; *Harris v Village of E. Hills*, 41 NY2d at 450; *Priore v New York City Dept. of Parks & Recreation*, 124 AD3d 749, 749 [2015]). Here, Walsh failed to establish her prima facie entitlement to judgment as a matter of law by demonstrating that the tree which fell on the date of the subject accident was not from her property, or that she lacked constructive notice of the alleged dangerous condition of the tree prior to the subject accident. Since Walsh failed to establish her prima facie entitlement to judgment as a matter of law, we need not review the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853).

Accordingly, the Supreme Court erred in granting summary judgment to the Village and Walsh dismissing the amended complaint insofar as asserted against each of them. Leventhal, J.P., Hall, Hinds-Radix and LaSalle, JJ., concur.