Schillaci v Town of Islip (2018 NY Slip Op 05070)





Schillaci v Town of Islip


2018 NY Slip Op 05070


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-08227
 (Index No. 8447/11)

[*1]Lucille Schillaci, respondent, 
v
Town of Islip, appellant.


McGiff Halverson LLP, Patchogue, NY (Daniel J. O'Connell of counsel), for appellant.
Antin, Ehrlich & Epstein, LLP, New York, NY (Melissa Kobernitski and Brian J. Isaac of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), entered June 14, 2016. The order, insofar as appealed from, denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for injuries she alleges she sustained on March 21, 2010, on Pond Road near its intersection with Oakwood Road in the defendant Town of Islip. The complaint alleges that a tree on the side of Pond Road fell onto a vehicle in which the plaintiff was a passenger. The plaintiff alleges, among other things, that the incident occurred as a result of the Town's negligence in failing to inspect the tree and to maintain the tree in a reasonably safe condition. The Town moved for summary judgment dismissing the complaint on the ground that it lacked actual and constructive notice of the allegedly dangerous condition which caused the accident. The Supreme Court denied the motion, and the Town appeals.
Municipalities have a duty to maintain their roadways in a reasonably safe condition, and this duty extends to trees adjacent to the road which could pose a danger to travelers (see Harris v Village of E. Hills, 41 NY2d 446, 449; Piscitelli v County of Suffolk, 121 AD3d 878, 879; Austin v Town of Southampton, 113 AD3d 711, 712). Municipalities also possess a common-law duty to inspect trees adjacent to their roadways (see Connolly v Incorporated Vil. of Lloyd Harbor, 139 AD3d 656; Hilliard v Town of Greenburgh, 301 AD2d 572).
Here, the Town did not establish its prima facie entitlement to judgment as a matter of law because it failed to demonstrate that it met its duty to inspect and maintain the subject tree, or that it lacked constructive notice of the alleged dangerous condition of the tree (see Connolly v Incorporated Vil. of Lloyd Harbor, 139 AD3d at 657; Hilliard v Town of Greenburgh, 301 AD2d 572).
Since the Town failed to meet its initial burden as the movant, we need not consider the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851; Connolly v Incorporated Vil. of Lloyd Harbor, 139 AD3d at 657).
LEVENTHAL, J.P., MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court