Pozzani v Village of S. Blooming Grove (2020 NY Slip Op 07409)





Pozzani v Village of S. Blooming Grove


2020 NY Slip Op 07409


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2019-07048
 (Index No. 5375/17)

[*1]Stephanie Pozzani, appellant, 
v
Village of South Blooming Grove, respondent.


Neimark & Neimark LLP, New City, NY (Ira H. Lapp of counsel), for appellant.
Drake Loeb PLLC, New Windsor, NY (Nicholas A. Pascale of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated May 1, 2019. The judgment, upon an order of the same court dated April 30, 2019, granting the defendant's motion for summary judgment dismissing the complaint, is in favor of the defendant and against the plaintiff dismissing the complaint. The notice of appeal from the order is deemed to be a notice of appeal from the judgment (see CPLR 5512[a]).
ORDERED that the judgment is affirmed, with costs.
The plaintiff commenced this action against the Village of South Blooming Grove to recover damages for personal injuries she allegedly sustained when a tree fell on her car as she was driving on State Route 208 in the Village. Thereafter, the Village moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals.
We agree with the Supreme Court's determination to grant the Village's motion for summary judgment dismissing the complaint. In cases involving fallen trees, liability does not attach in the absence of actual or constructive notice of the dangerous condition of the tree (see Ivancic v Olmstead, 66 NY2d 349, 350-351; Harris v Village of E. Hills, 41 NY2d 446, 449; Connolly v Incorporated Vil. of Lloyd Harbor, 139 AD3d 656, 658). Here, the Village established, prima facie, that it did not have actual or constructive notice of the alleged dangerous condition of the subject tree (see Ivancic v Olmstead, 66 NY2d at 350-351; Harris v Village of E. Hills, 41 NY2d at 449; Figueroa-Corser v Town of Cortlandt, 107 AD3d 755, 757). In opposition, the plaintiff failed to raise a triable issue of fact (see Ivancic v Olmstead, 66 NY2d at 350-351; Quog v Town of Brookhaven, 273 AD2d 287, 288).
SCHEINKMAN, P.J., DILLON, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court