Sasso v Village of Bronxville (2022 NY Slip Op 05105)

Sasso v Village of Bronxville

2022 NY Slip Op 05105

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
DEBORAH A. DOWLING, JJ.

2020-00634
 (Index No. 67946/17)

[*1]Joseph Sasso, respondent, 
v
Village of Bronxville, et al., defendants, Town of Eastchester, et al., appellants.

Miller & Lee LLP, Scarsdale, NY (Joseph Miller of counsel), for appellant Town of Eastchester.
Burke, Conway & Stiefeld, White Plains, NY (Chikodi E. Emerenini of counsel), for appellants Louis Monaco and Lucy Monaco.
Ancona Associates (Thomas Torto, New York, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Town of Eastchester appeals, and the defendants Louis Monaco and Lucy Monaco separately appeal, from an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated January 2, 2020. The order, insofar as appealed from by the defendant Town of Eastchester, denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The order, insofar as appealed from by the defendants Louis Monaco and Lucy Monaco, denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from by the defendant Town of Eastchester and the defendants Louis Monaco and Lucy Monaco, on the law, with one bill of costs payable to the appellants appearing separately and filing separate briefs, and the separate motions of the defendant Town of Eastchester and the defendants Louis Monaco and Lucy Monaco for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them are granted.
The plaintiff allegedly sustained personal injuries on July 29, 2016, when a tree limb fell on his vehicle on New Rochelle Road in the Town of Eastchester. The tree limb fell from a tree located in a backyard of premises owned by the defendants Louis Monaco and Lucy Monaco (hereinafter together the Monacos). The plaintiff commenced this action against, among others, the Monacos and the Town. The Supreme Court denied the Town's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and denied the Monacos' separate motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Town and the Monacos separately appeal.
In cases involving fallen trees, a property owner will only be held liable for a tree that falls outside of his or her premises and injures another if he or she knew or should have known of [*2]the defective condition of the tree (see Ivancic v Olmstead, 66 NY2d 349, 350-351; Rushton v State of New York, 189 AD3d 1488, 1489; Pagan v Jordan, 163 AD3d 978, 979). Constructive notice may be based upon signs of decay or other defects that are readily observable by someone on the ground or that a reasonable inspection would have revealed (see Ivancic v Olmstead, 66 NY2d at 351; Rushton v State of New York, 189 AD3d at 1490; Pagan v Jordan, 163 AD3d at 979). "At least as to adjoining landowners, the concept of constructive notice with respect to liability for falling trees is that there is no duty to consistently and constantly check all trees for nonvisible decay. Rather, the manifestation of said decay must be readily observable in order to require a landowner to take reasonable steps to prevent harm" (Ivancic v Olmstead, 66 NY2d at 351).
Here, the Supreme Court properly determined that the Monacos made a prima facie showing of entitlement to judgment as a matter of law by proffering evidence that they did not have actual or constructive notice of the defective condition of the tree (see Pagan v Jordan, 163 AD3d at 979; Pulgarin v Demonteverde, 63 AD3d 1026, 1026-1027). However, the court erred in finding that, in opposition, the plaintiff raised a triable issue of fact. The plaintiff's expert's affidavit failed to raise a triable issue of fact as to whether any visible defect or decay would have been readily observable by the Monacos prior to the fall of the limb (see Pulgarin v Demonteverde, 63 AD3d at 1026-1027; see also Sleezer v Zap, 90 AD3d 1121, 1122). Although the plaintiff's expert concluded that there was visible decay at the top of the branch where it had been attached to the trunk, approximately 12 feet above grade, and that such decay caused the branch to fall, his conclusions were based upon close observation, and therefore, failed to raise a triable issue of fact as to whether the Monacos should have realized that a potentially defective condition existed (see Pulgarin v Demonteverde, 63 AD3d at 1026-1027; see also Sleezer v Zap, 90 AD3d at 1122).
Moreover, the plaintiff's expert's opinion, based on his examination of the tree more than two years after the limb fell and after the wound had been cut and painted over, was conclusory, speculative, and unsupported by any evidentiary foundation, and thus, was insufficient to raise a triable issue of fact (see Diaz v New York Downtown Hosp., 99 NY2d 542, 544; Murphy v New York City Tr. Auth., 73 AD3d 1143, 1144; cf. Babcock v County of Albany, 85 AD3d 1425, 1426-1427).
Accordingly, the Supreme Court should have granted the Monacos' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
A municipality's duty to maintain its roadways in a reasonably safe condition encompasses those trees, adjacent to the roads, which could reasonably be expected to pose a danger to travelers (see W.M. Movers, Inc. v State of New York, 177 AD3d 1021, 1022; Piscitelli v County of Suffolk, 121 AD3d 878, 879; Asnip v State of New York, 300 AD2d 328, 328). However, liability will not attach unless the municipality had actual or constructive notice of the dangerous condition and subsequently failed to take reasonable measures to correct the condition (see Pozzani v Village of S. Blooming Grove, 189 AD3d 1094, 1094; Asnip v State of New York, 300 AD2d at 329).
"To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837). Where there is no evidence that the tree showed any visible, outward signs of decay prior to the accident, it cannot be said that the municipality had constructive notice of a defect (see Asnip v State of New York, 300 AD2d at 329). Rather, a manifestation of decay must be readily observable in order to give rise to a duty to prevent harm (see Figueroa-Corser v Town of Cortlandt, 107 AD3d 755, 757; Ferrigno v County of Suffolk, 60 AD3d 726, 727).
Here, the Supreme Court properly determined that the Town made a prima facie showing of its entitlement to judgment as a matter of law by proffering evidence that it did not have actual or constructive notice that the tree in question presented a danger to travelers on New Rochelle Road (see Gruen v Village of Piermont, 131 AD3d 1007, 1008-1009). However, the court erred in finding that, in opposition, the plaintiff raised a triable issue of fact, since his expert's affidavit failed to raise a triable issue of fact as to whether any defect or decay would have been readily observable by the Town prior to the fall of the limb (see id. at 1008-1009). Moreover, as noted above, the [*3]plaintiff's expert's opinion, based on his examination of the tree more than two years after the limb had fallen and after the wound had been cut and painted over, was conclusory, speculative, and unsupported by any evidentiary foundation, and thus, was insufficient to raise a triable issue of fact (see Diaz v New York Downtown Hosp., 99 NY2d at 544; Murphy v New York City Tr. Auth., 73 AD3d at 1144).
Accordingly, the Supreme Court should have granted the Town's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
BARROS, J.P., CHAMBERS, MILLER and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court