Jourdain v Metropolitan Transp. Auth. (2023 NY Slip Op 04421)

Jourdain v Metropolitan Transp. Auth.

2023 NY Slip Op 04421

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-06900
 (Index No. 35562/18)

[*1]Merlande Jourdain, appellant-respondent,
v
Metropolitan Transportation Authority, respondent- appellant, Town of Clarkstown, respondent, et al., defendant.

StolzenbergCortelli, LLP, White Plains, NY (Terrence James Cortelli of counsel), for appellant-respondent.
Flori Perrucci Steinhardt Capelli Tipton & Taylor, LLC, New York, NY (Brian R. Tipton of counsel), for respondent-appellant.
Lawrence A. Garvey & Associates, P.C., New City, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendant Metropolitan Transportation Authority cross-appeals, from an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated August 25, 2021. The order, insofar as appealed from, granted the motion of the defendant Town of Clarkstown for summary judgment dismissing the complaint insofar as asserted against it. The order, insofar as cross-appealed from, denied the motion of the defendant Metropolitan Transportation Authority for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, and the the motion of the defendant Town of Clarkstown for summary judgment dismissing the complaint insofar as asserted against it is denied; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff, payable by the defendants Town of Clarkstown and Metropolitan Transportation Authority.
The plaintiff commenced this action against the defendants Metropolitan Transportation Authority (hereinafter the MTA) and Town of Clarkstown, among others, to recover damages for personal injuries she allegedly sustained when a tree fell onto her vehicle while driving on Lawrence Street in Rockland County. The tree was located on an embankment owned by the MTA. The MTA and the Town separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated August 25, 2021, the Supreme Court granted the Town's motion and denied the MTA's motion. The plaintiff appeals from so much of the order as granted the Town's motion, and the MTA cross-appeals from so much of the order as denied its motion.
"A municipality's duty to maintain its roadways in a reasonably safe condition encompasses those trees, adjacent to the roads, which could reasonably be expected to pose a danger to travelers. However, liability will not attach unless the municipality had actual or constructive notice of the dangerous condition and subsequently failed to take reasonable measures to correct the condition" (Sasso v Village of Bronxville, 208 AD3d 910, 912 [citations omitted]; see W.M. Movers, Inc. v State of New York, 177 AD3d 1021, 1022). "Municipalities also possess a common-law duty to inspect trees adjacent to their roadways" (see Schillaci v Town of Islip, 163 AD3d 600, 601).
"To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837; see Sasso v Village of Bronxville, 208 AD3d at 912). "Where there is no evidence that the tree showed any visible, outward signs of decay prior to the accident, it cannot be said that the municipality had constructive notice of a defect. Rather, a manifestation of decay must be readily observable in order to give rise to a duty to prevent harm" (Sasso v Village of Bronxville, 208 AD3d at 912 [citation omitted]).
Here, the Supreme Court erred in granting the Town's motion for summary judgment dismissing the complaint insofar as asserted against it. Although the tree was not located on the Town's property, it is undisputed that the Town owned and maintained the road where the plaintiff's vehicle was struck by the tree. The Town's duty to maintain that road thus extended to the tree in question, which was adjacent to the road (see id.; W.M. Movers, Inc. v State of New York, 177 AD3d at 1022; Schillaci v Town of Islip, 163 AD3d at 600-601). Moreover, contrary to the Town's contention, it failed to establish, prima facie, that it did not have constructive notice of the alleged dangerous condition of the tree or that it met its duty to inspect and maintain the subject tree (see Schillaci v Town of Islip, 163 AD3d at 601; Connolly v Incorporated Vil. of Lloyd Harbor, 139 AD3d 656, 658; Hilliard v Town of Greenburgh, 301 AD2d 572, 573).
Since the Town failed to establish its prima facie entitlement to judgment as a matter of law, it is not necessary to review the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Accordingly, the Supreme Court should have denied the Town's motion for summary judgment dismissing the complaint insofar as asserted against it.
Turning to the MTA's cross-appeal, the Supreme Court properly denied the MTA's motion for summary judgment dismissing the complaint insofar as asserted against it. Contrary to the MTA's contention, it was not entitled to governmental immunity, as the plaintiff's claim arises out of the MTA's duties as a landowner, which is a proprietary function (see Granata v City of White [*2]Plains, 162 AD3d 641, 643; Grasso v New York State Thruway Auth., 159 AD3d 675, 677-678; Turturro v City of New York, 127 AD3d 732, 735, affd 28 NY3d 469). Furthermore, the MTA failed to establish, prima facie, that it did not own the land where the tree was located or that it did not have actual or constructive notice of the alleged dangerous condition of the tree (see Malloy v Montefiore Med. Ctr., 183 AD3d 811, 812; Priore v New York City Dept. of Parks & Recreation, 124 AD3d 749, 750).
IANNACCI, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court