Tavernese v Town of N. Hempstead (2025 NY Slip Op 02805)

Tavernese v Town of N. Hempstead

2025 NY Slip Op 02805

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-05535
 (Index No. 616953/19)

[*1]Dominick Tavernese, respondent, 
v
Town of North Hempstead, appellant.

Richard J. Nicolello, Town Attorney, Manhasset, NY (Robert Bogle of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Thomas Rademaker, J.), entered April 11, 2023. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, without costs or disbursements.
On February 25, 2019, at approximately 4:30 a.m., the plaintiff allegedly was injured when he was struck by a large branch that fell from a tree adjacent to a sidewalk located in New Hyde Park. The plaintiff commenced this action against the defendant Town of North Hempstead to recover damages for personal injuries. In an order entered April 11, 2023, the Supreme Court denied the defendant's motion for summary judgment dismissing the complaint. The defendant appeals.
On appeal, the defendant contends that it did not have actual or constructive notice of the alleged dangerous condition of the tree prior to the accident (see Harris v Village of E. Hills, 41 NY2d 446, 449; Piscitelli v County of Suffolk, 121 AD3d 878; Austin v Town of Southampton, 113 AD3d 711; see also Connolly v Incorporated Vil. of Lloyd Harbor, 139 AD3d 656, 657; Hilliard v Town of Greenburgh, 301 AD2d 572). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837; see Sasso v Village of Bronxville, 208 AD3d 910, 912). "Where there is no evidence that the tree showed any visible, outward signs of decay prior to the accident, it cannot be said that the municipality had constructive notice of a defect. Rather, a manifestation of decay must be readily observable in order to give rise to a duty to prevent harm" (Sasso v Village of Bronxville, 208 AD3d at 912 [citation omitted]; see Jourdain v Metropolitan Transp. Auth., 219 AD3d 876, 877-878; Pozzani v Village of S. Blooming Grove, 189 AD3d 1094).
Here, the defendant failed to establish, prima facie, that it did not have actual or constructive notice of the alleged dangerous condition of the tree (see Machicado v Paradise, 112 AD3d 680, 681). Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
We decline the defendant's request to take judicial notice of weather conditions on the date of the accident based upon information contained in three webpage links (see generally Beaton v City of New York, 196 AD3d 625, 626). The defendant's remaining contention is not properly before this Court.
BARROS, J.P., DOWLING, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court