Whitney v Lawson

2026 NY Slip Op 03332

May 27, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Henry Whitney, plaintiff-respondent,

v

Barbara A. Lawson, etc., defendant-respondent-appellant, CSC Holdings, LLC, defendant-appellant-respondent, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 27, 2026

2022-06324, (Index No. 15647/15)

Lara J. Genovesi, J.P.

Linda Christopher

Lillian Wan

Donna-Marie E. Golia, JJ.

William J. Fitzpatrick, Hauppauge, NY, for defendant-appellant-respondent.

Salter & Ingrao, P.C., Mineola, NY (Corey J. Pugliese, Kevin Salter, and Terrance J. Ingrao of counsel), for defendant-respondent-appellant.

Siben & Siben, Bay Shore, NY (Alan G. Faber of counsel), for plaintiff-respondent.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the defendant CSC Holdings, LLC, appeals, and the defendant Barbara A. Lawson cross-appeals, from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated July 15, 2022. The order, insofar as appealed from, denied the motion of the defendant CSC Holdings, LLC, for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it. The order, insofar as cross-appealed from, denied the motion of the defendant Barbara A. Lawson for summary judgment dismissing the complaint and all cross-claims insofar as asserted against her.

ORDERED that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiff.

In June 2015, the plaintiff allegedly was injured when a motorcycle he was riding struck a low-hanging communications wire on Sullivan Street in Bay Shore. A branch had allegedly broken off a tree located at 1054 Sullivan Street, a premises owned by Antoine Williams, and had been hanging on the communications wire for days before the accident.

The plaintiff commenced this action to recover damages for personal injuries against, among others, Williams and the defendant CSC Holdings, LLC (hereinafter CSC), which owned and installed the communications wire. Williams died after the action was commenced, and Barbara A. Lawson, as the administrator of his estate, was substituted for Williams.

Lawson moved, and CSC separately moved, for summary judgment dismissing the complaint and all cross-claims insofar as asserted against each of them. In an order dated July 15, 2022, the Supreme Court, inter alia, denied their separate motions. CSC appeals, and Lawson cross-appeals.

"In cases involving fallen trees, a property owner will only be held liable for a tree [*2]that falls outside of his or her premises and injures another if he or she knew or should have known of the defective condition of the tree" (Connolly v Incorporated Vil. of Lloyd Harbor, 139 AD3d 656, 657). Here, Lawson failed to establish, prima facie, that Williams lacked constructive notice of the alleged defective condition of the tree on his premises prior to the accident (see Rushton v State of New York, 189 AD3d 1488, 1490; Connolly v Incorporated Vil. of Lloyd Harbor, 139 AD3d at 658).

"'To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the] defendant's employees to discover and remedy it'" (Sasso v Village of Bronxville, 208 AD3d 910, 912, quoting Gordon v American Museum of Natural History, 67 NY2d 836, 837). Here, CSC failed to eliminate all triable issues of fact as to whether it had constructive notice of the allegedly defective condition of the communications wire prior to the accident (see Guzman v CSC Holdings, Inc., 85 AD3d 1113, 1115-1116).

Since Lawson and CSC failed to meet their prima facie burden on their separate motions for summary judgment dismissing the complaint and all cross-claims insofar as asserted against each of them, the Supreme Court properly denied their separate motions, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).

The parties' remaining contentions are either improperly raised for the first time on appeal or without merit.

GENOVESI, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court